**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RITA L. JAMES,<br><br>Plaintiff,<br><br>v.<br><br>INTOWN VENTURES, LLC, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>1:11-CV-2860-RWS |

**<u>ORDER</u>**

This case comes before the Court on this Court's Order to Show Cause as to subject matter jurisdiction [47], Plaintiff's Out of Time Motion for Extension of Time and Response to Show Cause Order [48], Defendant Hutchin's Motion to Dismiss [16], Plaintiff's Motion to Allow Filings of Amendments and Supplements to the Complaint [25], Plaintiff's Renewed Motion for Injunctive Relief [27], and Plaintiff's Motion for Extension of Time [28]. After a review of the record, the Court enters the following Order.

## I. Factual Background

These parties have been involved in litigation over the ownership of real property located at 539 Baker Circle, NW, Atlanta, Georgia 30318 (the

"Property") for nearly a decade. Due to an error by the Fulton County Tax Commissioner's offices, Plaintiff's property was sold to Defendant Intown Ventures, LLC ("Intown") at a tax sale. [1 at ¶ 28]. Plaintiff was personally served in Defendant Intown's subsequent action to quiet title, but she failed to respond or otherwise appear, and Intown was granted quiet title (the "2004 action").[1]

In 2005, Plaintiff filed for Chapter 13 bankruptcy. [1 at ¶ 21]. She listed the property as an asset, but did not list Intown on any filings before the plan was confirmed by the bankruptcy court. [1 at ¶¶ 24-27]. While Plaintiff's bankruptcy was pending, Intown filed an action in Fulton County Superior Court against Plaintiff for ejectment, trespass and nuisance. [1 at ¶¶ 43-46]. Several months later, Plaintiff filed a notice of bankruptcy filing, and the parties agreed to stay the state court action until Plaintiff's bankruptcy concluded. Id. at ¶¶ 47 - 51. Intown never filed a proof of claim, and Plaintiff did not amend her schedules to include Intown before her bankruptcy case concluded. Id. at ¶ 52.

[1] Litigation by these parties is extensive, details of which are set forth in this Court's September 12, 2011 Order [11].



AO 72A
(Rev.8/82)

After Plaintiff's bankruptcy concluded, the state court action resumed, and Plaintiff argued to the Superior Court that Intown's claims were discharged as a result of her bankruptcy case. Id. at ¶¶ 63-66. Despite Plaintiff's argument, the Superior Court granted summary judgment to Intown on its ejectment claim. [8 at 26]. Plaintiff appealed to the Georgia Supreme Court, arguing in part that "[t]he trial court erred by not giving full effect to the bankruptcy proceedings and orders." Appellant's Brief to Georgia Supreme Court, 2011 WL 5288945 at 10 (Sept. 12, 2011).

Before the Georgia Supreme Court ruled on Plaintiff's appeal, Plaintiff filed this action and moved this Court under the All Writs Act, 28 U.S.C. § 1651, to enjoin the Georgia Supreme Court from hearing Plaintiff's pending state-court appeal. [ 2 at ¶¶ 113-127]. This Court found there was no violation of the discharge injunction and denied Plaintiff's request for an injunction under the All Writs Act. [11 at 9].

The Georgia Supreme Court then considered Plaintiff's appeal and ruled that Defendant Intown did not violate the automatic stay provision in Ms. James' bankruptcy proceeding, but remanded the case to the Superior Court for further proceedings on the issue of whether Rita James was properly served, and therefore a party, in the 2004 quiet title action. James v. Intown Ventures,

LLC, 290 Ga. 813, 815 (2012) ("neither the complaint nor the summary judgment order was entered in violation of the automatic stay"). Upon remand, the Fulton County Superior Court found in its "Final Order" that Rita James was properly served in the 2004 quiet title action and dismissed her counterclaims on the basis of res judicata. [45-1 at 22].

Jurisdiction for this Court is grounded on violation of the automatic stay provision of the bankruptcy code. [1 at ¶ 8]. In light of the Georgia Supreme Court's finding that there was no violation of the automatic stay, this Court ordered Plaintiff to show cause within fourteen (14) days why this action should not be dismissed for lack of subject matter jurisdiction. [47]. Plaintiff did not file her response to this Court's December 3, 2013 Show Cause Order within fourteen (14) days. On January 6, 2014, Plaintiff filed an Out of Time Motion for Extension of Time to respond. [48]. Simultaneously, she filed her response to the December 3, 2013 Show Cause Order in which she urged this Court not to dismiss this action on the grounds that the state court action is not final and that the state court decisions regarding the application of the automatic stay are not binding on this Court. [48-2 at 2-7]. For the reasons articulated below, this Court finds that Plaintiff has not shown this Court that it has jurisdiction for this action.



AO 72A
(Rev.8/82)

**II. Discussion**

Plaintiff urges three arguments for why her case should not be dismissed for lack of subject matter jurisdiction. First, she argues that dismissal in this action "would be improper because the latest ruling by the Fulton County Superior Court is not final." [48-2 at 4].[2] Plaintiff's argument, however, confuses the issue of whether Plaintiff was properly served in the 2004 action with the issue of violation of the automatic stay. Although the first issue regarding service was remanded and remains arguably non-final, the service issue has no impact on this Court's jurisdiction. Comparatively, the Georgia Supreme Court's finding that Defendant Intown did not violate the automatic stay was a final ruling. This ruling regarding the automatic stay was neither remanded nor, to this Court's knowledge, appealed. Therefore, Plaintiff's finality argument on a separate issue does not provide a basis for jurisdiction in this Court where none otherwise exists.

Second, Plaintiff argues that the Georgia Supreme Court's ruling is void because this Court has exclusive jurisdiction to determine questions regarding

---

[2] Plaintiff has moved for a new trial of the Fulton County Superior Court's "Final Order," which found that Plaintiff had been properly served in the 2004 action for quiet title and dismissed her counterclaims on the basis of res judicata. [45-1 at 22].



AO 72A
(Rev.8/82)

the automatic stay. [48-2 at 4-6]. In support of her argument, she cites only the Supreme Court case of Kalb v. Feuerstein, 308 U.S. 433 (1940). In Kalb, the Court held that the Frazier-Lemke Act, enacted by Congress exercising its power to regulate bankruptcy, ousted the state courts of jurisdiction to proceed with foreclosure after the farmer filed a bankruptcy petition. The Court explained:

> It is generally true that a judgment by a court of competent jurisdiction bears a presumption of regularity and is not thereafter subject to collateral attack. But Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation create an exception to that principle and render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally.

Id. at 438-439.

Although Plaintiff has not provided specific bankruptcy legislation to support this Court's exclusive jurisdiction, this Court notes that subject matter jurisdiction in bankruptcy cases is set forth in 28 U.S.C. § 1334. Subsections (a) and (e) give the districts courts *exclusive* subject matter jurisdiction over the bankruptcy case itself and over the property of the debtor and of the estate. In re Skyline Woods Country Club, 636 F.3d 467, 471 (8th Cir. 2011) ("Federal district courts...have exclusive jurisdiction 'of all cases under title 11,' 28 U.S.C.



AO 72A
(Rev.8/82)

§ 1334(a), but that provision is limited to the Debtor's Chapter 11 petition and the proceedings that follow the filing of a bankruptcy petition. The district courts also have exclusive jurisdiction of the debtor's property at the commencement of a Chapter 11 case 'and of property of the estate,' § 1334(e)(1), but that *in rem* jurisdiction exists only so long as property is part of the bankruptcy estate") (citations omitted).

Subsection (b), however, grants *concurrent* subject matter jurisdiction to both state and federal courts for civil proceedings that arise under, arise in, or are related to a bankruptcy case. 28 U.S.C. § 1334 (b) ("the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11").

For these cases in which state courts have concurrent subject matter jurisdiction under 28 U.S.C. § 1334 (b), the lower federal courts are prohibited from sitting in review of state court decisions under the full faith and credit[3] and

[3] The full faith and credit statute provides that the judgment of a state court "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." 28 U.S.C. § 1738.



AO 72A
(Rev.8/82)

the Rooker– Feldman doctrines.[4] Therefore, unless Plaintiff shows that the state court did not have jurisdiction because decisions regarding the automatic stay fell within the exclusive jurisdiction of the federal courts, then this Court is bound by the state court decisions--specifically, that Defendants did not violate the automatic stay.[5]

Plaintiff has provided no authority and no analysis to support her conclusion that the federal courts exercise exclusive, as opposed to concurrent, jurisdiction to determine questions involving the automatic stay. However, sister courts within the Eleventh Circuit have found that state courts and federal

---

[4] The Rooker-Feldman doctrine holds that a district court lacks jurisdiction to review a prior judgment of a state court. See also Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005) (limiting the Rooker-Feldman doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

[5] Alternatively, this Court may abstain from hearing this case in the interest of comity with Georgia state courts. See 28 U.S.C. § 1334(c)(1) ("Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11"). See also Matter of Wood, 825 F.2d 90, 93 (5th Cir. 1987) ("The Act grants the district court broad power to abstain whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.' The abstention provisions of the Act demonstrate the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case").



AO 72A
(Rev.8/82)

courts share concurrent jurisdiction to determine questions involving the automatic stay. See, e.g., In re Pope, 209 B.R. 1015, 1020 (Bkrtcy. N.D.Ga., Jun. 16, 1997) ("the applicability of the automatic stay falls concurrently within the purview of the bankruptcy court and that of the state court"); In re Glass, 240 B.R. 782, 787 (Bkrtcy. M.D. Fla., Oct. 25, 1999) (same).[6] Without clear authority in the form of legislation or binding case law that the state court's decision was void for lack of subject matter jurisdiction, this Court is required to give full faith and credit to the Georgia Supreme Court's finding that Defendants did not violate the automatic stay. Because jurisdiction for this Court is based on violation of the automatic stay provision of Plaintiff's bankruptcy, and adopting the Georgia Supreme Court's finding of no violation

[6] The Court is aware that circuits have split over whether federal courts have exclusive or concurrent jurisdiction to determine questions involving the automatic stay. Compare In re Gruntz, 202 F.3d 1074, 1083 (9th Cir. 2000) (finding "federal courts have the final authority to determine the scope and applicability of the automatic stay") with N.L.R.B. v. Edward Cooper Painting, Inc., 804 F.2d 934, 939 (6th Cir. 1986) ("[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay") (quoting In re Baldwin-United Corp. Litigation, 765 F.2d 343, 347 (2nd Cir. 1985)). See also In re Singleton, 230 B.R. 533, 539 (6th Cir. BAP 1999) (state court had jurisdiction to decide that stay of the Debtor's personal bankruptcy did not apply to the sale of property, and federal court was precluded from review under Rooker/Feldman doctrine).



AO 72A
(Rev.8/82)

of the automatic stay, Plaintiff's action must be dismissed for lack of subject matter jurisdiction.

Third, Plaintiff argues that the Georgia Supreme Court's decision is not binding because she did not have an opportunity to litigate the court's finding that "neither Intown Ventures nor James' own counsel were aware of her bankruptcy filing." [48-2 at 6]. But contrary to Plaintiff's argument, it appears Plaintiff did argue this issue. Specifically, Plaintiff's brief to the Georgia Supreme Court argued:

> Intown was fully aware of Ms. James' bankruptcy and even used that filing to prevent discovery in this case. Despite knowing about Ms. James' bankruptcy filing, however, Intown never filed a proof of claim or sought to have its claims in or to Ms. James' property preserved in the bankruptcy case.... Upon first learning of the bankruptcy (and Ms. James has reason to believe Intown had actual knowledge very early in her bankruptcy case), Intown was obligated to present its claims in the bankruptcy court.

Appellant's Brief, 2011 WL 5288945 at 11-12 (Sept. 12, 2011). Presumably, the Georgia Supreme Court found Defendant's argument more persuasive, but Plaintiff clearly availed herself of the opportunity to litigate this issue. In sum, Plaintiff has not shown cause why this action should not be dismissed for lack of subject matter jurisdiction.



AO 72A
(Rev.8/82)

**Conclusion**[7]

In accordance with the foregoing, Plaintiff has not shown that this Court has jurisdiction for her action. This case is therefore **DISMISSED**, and the Clerk is **DIRECTED to CLOSE** this case. Plaintiff's Out of Time Motion for Extension of Time [48] is **GRANTED**, and Defendant Hutchin's Motion to Dismiss [16], Plaintiff's Motion to Allow Filings of Amendments and Supplements to the Complaint [25], Plaintiff's Renewed Motion for Injunctive Relief [27], and Plaintiff's Motion for Extension of Time [28] are **DENIED as moot**.

**SO ORDERED**, this _21st_ day of March, 2014.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

[7] Finally, Plaintiff requests that this Court reconsider its September 12, 2011 [11] Order, which found that Defendants did not violate the bankruptcy discharge. Plaintiff's request, embedded in a response to show cause order, is not proper procedure to request reconsideration. If Plaintiff believed that reconsideration is warranted and complies with local rule 7.2(E), she should have timely filed a formal motion for reconsideration and afforded Defendants an opportunity to respond.